# Richmond.

## N. & W. R. R. Co. v. CARPER.

### January 7th, 1892.

1. RAILROADS—*Towns*—*Instructions.*—Instructions that railroad company must use greater care in running its trains through towns than in less populous districts; that the fact that pedestrians were accustomed to travel on the track at a particular place, in the knowledge of the company or its agent, made it its duty to use greater care in operating its road at that place; and that if the tracks where plaintiff's intestate was killed had long been used by the public with defendant's knowledge and acquiescence, then deceased was not on the track as a trespasser, but as a licensee;

HELD:

    Proper.

2. IDEM—*Case at bar.*—Upon the evidence disclosed by the record;

HELD:

    Death of plaintiff's intestate was caused by his own contributory negligence, and there can be no recovery.

Argued at Wytheville. Decided at Richmond. Error to judgment of circuit court of Pulaski county, rendered October 5th, 1890, in an action of trespass on the case for negligent killing of Isaac Carper, the plaintiff's intestate, wherein his administrator was plaintiff, and the plaintiff in error, the Norfolk & Western Railroad Company, was defendant. Opinion states the case.

*A. A. Phlegar* and *J. E. Moore*, for plaintiff in error.

*J. C. Wysor* and *J. I. Hudson*, for defendant in error.

LACY, J., delivered the opinion of the court.

This case was tried in the circuit court, and the testimony of witnesses heard by the jury, and instructions given by the court as to the law of the case; and thereupon the jury rendered a verdict in favor of the plaintiff for $2,000, and there had been one other trial and verdict for the plaintiff, and one mistrial.

The defendants moved the court to set aside the verdict because it was contrary to the law and the evidence, but the court overruled the motion and rendered judgment on the verdict, whereupon the defendant excepted; and excepted also to certain instructions given at the trial by the court; and applied for and obtained a writ of error to this court.

The first error assigned is as to the giving of two instructions by the court. The third, to the effect that a railroad company, running its trains through a town, must use greater care and diligence to prevent injury to persons and property than is required of them in less frequented and populous localities, and the fact that pedestrians are accustomed to travel on a railroad, at a particular place, in the knowledge of the railroad company, or its agents, makes it the duty of the railroad company to exercise greater caution and prudence in the operation of its road at that place; and also by the sixth instruction, that if they believed the railroad tracks in Dublin had long been used by the general public as a walkway, with the *knowledge* and *acquiescence of the defendant*, then the deceased was not upon the track as a trespasser, but as a licensee. Both of these instructions correctly expound the law. The plaintiff in error insists that these apply to every mile of the road in question, because people will walk upon the railroad everywhere, but these are not everywhere upon the line of the road by the " *knowledge* and *acquiescence* " of the defendant; they are merely trespassers. But the evidence in this case tends to show that this part of the track of the railroad lies through the heart of the town, and that from lots fronting on the railroad the com-

pany's agent had constructed plank bridges for foot passengers, leading from the lot to the track, over and across the usual ditch found there, as in other railroads, and that there were three tracks—main track, south track and north track—along in that part of the line; and between the two first named a good wide walkway had been constructed, upon which persons might safely walk between moving trains. If these things are true, was not the public invited to walk there? and if so invited, were they trespassers? Clearly not.

In this, this case is unlike *B. & O. R. R. Co.* v. *Sherman's Adm'r, &c.,* 30 Gratt. 628; and *R. & D. R. R. Co.* v. *Anderson's Adm'r,* 31 Gratt. 812, and such cases; and is more like the case of *Va. Mid. R. R. Co.* v. *White's Adm'r,* 84 Va. 498; and there was no error in giving the said instructions. The next assignment of error is that the court erred in overruling the motion to set aside the verdict and grant to the defendant a new trial.

We think the court did err in this regard. The defendant in error's intestate, Isaac Carper, had a house situated on the north side of the track, in which he resided. When the east-bound train (the one which killed him) came in sight, and whistled long blast for the station, he was at a store situated not opposite to his house, but on the south side of the track, and on the turnpike which crossed the track at the store, and ran by the house of the deceased, and the turnpike was just as near a way to travel to get to his house, a hundred yards or so distant, as to go on the track, but with the approaching train full in view and sounding its long station blast, he pre. ferred the track of the railroad, and arriving upon it he crossed the south track and the good walkway and crossed the main track, upon which a train was moving, and crossed a rough and jagged way full of obstacles, and went upon the north track, upon which this train was now moving, it having sounded the signal for the switch and gone upon it, and was within a few feet of him. He crossed all these ways diagonally,

and passed obliquely on the north track, or switch track, nearly to the north rail, until out of view of the conductor, he having an engine which obstructed his view close to the engine on the left side of the track. The engineer saw him, but supposed he had passed on and off the track, but just then he seemed to fall into a reverie and turned slowly down the track in front of the moving engine. The fireman at the window on the north side of the engine cab as it was then moving—that is, on the left side of the engine—saw him do this, and saw his peril, and informed the engineer, who promptly reversed his engine, which was going very slowly, applied the steam, put on the brakes to save him, and sounded the whistle; but too late—the cow-catcher knocked him down and shoved him along, and injured him so that he died, none of the wheels, however, going over him. He was promptly cared for, but his injuries were fatal. There is a statement by some persons that no bell was rung by the train to warn Carper until too close to save him; but whether this be so or not, the engineer was warranted in believing that Carper was crossing the track, as people often did there, and that he was aware of what was plainly discernible to him, and that he would do what he seemed about to do and step off the track. There was no way to know that just in time to be killed he would turn down the track in front of this moving train. There was no negligence in the defendant whatever; but if such could be established in this case, the contributory negligence of the deceased was the proximate cause of his injuries; and there can be no recovery. See *N. & W. R. R. Co.* v. *Harman's Adm'r.*, 83 Va., p. 577; citing Wood's Railway Laws, Vol. II, 1267.

See, also, *N. & W. R. R. Co.* v. *Sites*, ante p. 470, decided a few weeks ago. We are of opinion to reverse the judgment appealed from and to remand the case for a new trial to be had therein.

JUDGMENT REVERSED.